# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN S. DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>R. PEREZ,<br><br>        Defendant. | Case No.: 1:19-cv-01310-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 12] |

Plaintiff Devin S. Davis is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed November 4, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

During early February 2019, when Plaintiff returned from the medication line, correctional officer R. Perez stopped Plaintiff because he was late due to talking to a fellow Muslim inmate who was going home. The previous day, correctional officer Munoz had already the issue and excused Plaintiff's tardiness. Plaintiff told Perez "it won't happen again I take responsibility." The next day, officer Perez rehashed the conversation while officer Munoz was present. Plaintiff responded by stating, "you have a blessed day." Plaintiff accidentally walked into the wall and officer Perez stated, "you're a stupid mother." Plaintiff told her, I will file a 602 [grievance]" and she replied, "I don't give a fuck."

///

During the month of May 2019, Plaintiff's cell was searched, by officer Perez and when Plaintiff asked for a cell search slip she stated, "No I can do whatever the fuck I want to, I don't have to give you shit."

On June 14, 2019, Plaintiff was advised by officer Munoz that she had packed his electronics herself. While Plaintiff was signing the property slip, officer Perez said "ah ha you thought you were taken that," to which Plaintiff said "leave me alone." When officer Munoz told Plaintiff to sign the property slip, he stated, "why you won't just leave me alone?" Munoz started to snicker and laugh. Plaintiff went back to his cell to put his property on the cart, and while leaving the building officer Perez said "bye get the fuck out of my building with your ugly Black terrorist ass."

Plaintiff seeks $60,000 in compensatory damages, and $30,000 in punitive damages.

## III.

## DISCUSSION

### A. Harassment

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff contends that he was subjected to harassment by officer Perez. However, Plaintiff fails to state a cognizable claim based on the alleged statement by officer Perez that Plaintiff was a "stupid mother." Accordingly, Plaintiff cannot proceed on any claim that he was subjected to verbal harassment and/or abuse.

### B. Retaliation

To state a claim for retaliation in the prison context, a plaintiff must allege 1) that he was engaged in protected conduct; 2) that the defendant took adverse action against the plaintiff; 3) the causal connection between the adverse action and the protected conduct; 4) that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities[;]" and 5) that the retaliatory acts did not advance the legitimate goals of the correctional institution. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). To state a cognizable retaliation claim, Plaintiff must establish a

nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff has alleged that he stated he would file an inmate appeal reporting the alleged misconduct by officer Perez. Watison, 668 F.3d at 1114 (filing grievances); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995) (pursuing civil litigation). However, to state a cognizable claim a plaintiff is required to do more than set forth conclusory statements that actions taken were retaliatory. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a Plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Therefore, to show that the adverse action was taken because of Plaintiff's protected conduct, there must be allegations to establish a causal connection between the retaliatory conduct and Plaintiff's subsequent injury. Capp v. County of San Diego, No. 18-55119, at *11-12 (9th Cir. Oct. 4, 2019).

The mere fact that Plaintiff's cell was searched in May 2019 fails to give rise to a claim for retaliation. There are no sufficient to demonstrate that Plaintiff's cell was searched in retaliation for his statement three months prior that he was going to file an inmate grievance. Thus, Plaintiff has not sufficiently linked Perez's cell search to any protected conduct. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, Plaintiff fails to state a cognizable retaliation claim.

**C.    Due Process-Cell Search**

To the extent Plaintiff contends his due process rights were violated because he was not provided a property receipt, he fails to state a cognizable claim.

Title 15 of the California Code of Regulations, section 3287, pertains to "Cell, Property, and Body Inspection." This section provides that "[t]he purpose of such inspections is to fix responsibility or the absence of responsibility for security and safety hazards and serious contraband found in the

4

cell, room or dormitory area. Id. Under section 3287(a)(1), a correctional officer charged with conducting the inspection is authorized to search "occupied cells, rooms and dormitory areas, including fixtures and lockers, and any personal and state-issued property of the occupant … on an infrequent and unscheduled basis." Cal. Code Regs. tit. 15, § 3287(a)(1). The regulations further provide that:

> The inmate will be given a written notice of any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property. The notice will also list any contraband picked up or any breach of security noted during the inspection, and the follow-up action intended by the inspecting officer.

Id. at § 3287(a)(4).

As discussed above, the Due Process Clause guarantees only those protections outlined in Wolff; it does not mandate that prisons comply with their own more generous rules. See Walker, 14 F.3d at 1419-1420; accord Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to meet its own guideline requiring hearing to be held in eight days of charge would not alone constitute denial of due process). Thus, the mere fact that Defendant Perez may not have issued a property receipt (as outlined by § 3287) does not establish that Plaintiff was denied due process of law.

### D. Racial Discrimination-Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." Serrano v. Francis, 473 U.S. at 1082 (citing Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original).)

It appears that Plaintiff contends that Defendant Perez's statement to him to "get the fuck out of my building with your ugly Black terrorist ass," subjected him to racial discrimination in violation of the Equal Protection Clause. However, Plaintiff's allegations are insufficient to show that Perez treated Plaintiff in a manner inconsistent with other similarly situated inmates and that Perez "acted with an intent or purpose to discriminate against" Plaintiff based upon his race or any other grounds. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Thus, Perez's statement in reference to his race, even if construed a verbal racial harassment is not sufficient to state a claim under the Equal Protection Clause. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (quoting Oltarewski v. Ruggiero, 830 F.2d at 139)) ("[V]erbal harassment or abuse … is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."). Furthermore, Plaintiff fails to allege with any particularity in what ways he was treated in a racially discriminatory manner. Accordingly, Plaintiff fails to state a cognizable claim under the Equal Protection Clause.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

///

///

Further, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 6, 2019**

UNITED STATES MAGISTRATE JUDGE